UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------x
UNITED STATES OF AMERICA et al.       )
ex rel ALEX BOOKER, et al.,           )
                                      )
                    Plaintiffs,       )        Civil Action
                                      )        No. 10-11166-DPW
        v.                            )
                                      )
PFIZER, INC.,                         )
                    Defendant.        )
                                      )
-------------------------------------------------------x

**STATEMENT OF INTEREST BY THE UNITED STATES OF AMERICA IN
CONNECTION WITH DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

The United States of America, as the real party-plaintiff in interest in this action,
respectfully submits this Statement of Interest pursuant to 28 U.S.C. § 517 to respond to an issue
raised by defendant at oral argument in connection with its pending motion to dismiss. The
United States remains the real party in interest in this matter, even though it has not intervened in
the action. *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 (1st
Cir. 2004).[1] In addition, because the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, is the
United States' primary tool used to prosecute fraud on the government, the government has a
substantial interest in the development of the law in this area and in the correct application of
that law in this, and similar, cases.

---

[1] The government's decision to decline intervention in a *qui tam* action cannot be taken as a
statement on the underlying merits of Relators' clams. *United States ex rel Atkins v. McInteer*,
470 F.3d 1350, 1360 n. 17 (11th Cir. 2006) (noting that courts "do not assume that in each
instance in which the government declines intervention in an FCA case, it does so because it
considers the evidence of wrongdoing insufficient").

I.      **"OFF-LABEL" MARKETING CAN SERVE AS THE BASIS FOR AN ACTION UNDER THE FALSE CLAIMS ACT.**

At oral argument in this matter, Pfizer intimated, *inter alia*, that although a drug manufacturer's marketing of its drug products for unapproved uses ("off-label marketing") may render those products misbranded under the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.,* such an FDCA violation is not a sufficient predicate for FCA liability. *See* Transcript of Argument (Docket No. 66) at p. 29-39.  This argument misconceives the basis for FCA liability.  The FCA imposes liability on any manufacturer that knowingly causes the submission of a false or fraudulent claim for payment to a federal health care program.  31 U.S.C. § 3729(a).  Thus, as Pfizer correctly observes, not every FDCA violation is a *per se* violation of the FCA because not every such violation has a nexus to payment.  Nonetheless, a manufacturer's off-label marketing can give rise to an actionable claim under the FCA if the manufacturer knowingly causes the submission of a prescription drug claim that is "false" under the FCA.[1]

A claim can be false or fraudulent under the FCA for any number of reasons.  One way a claim can be "false" is if it is not "covered" or "reimbursable" under a federal health care program.  Generally, Medicaid and Medicare cover only medical items and services that are reasonable and necessary. *See* 42 U.S.C. § 1395y(a)(1)(A); 42 C.F.R. § 411.15(k)(1).  With

---

[1]  In its memorandum in support of its motion to dismiss, Pfizer similarly argued that off-label marketing is not a *per se* FCA violation.  *See* Docket Entry #5 ("[O]ff-label promotion – or promotion in violation of some other restriction of the FDCA – does not render resulting claims for reimbursement 'false' under the FCA.").  However, Pfizer went on to acknowledge that if a drug is not covered for an off-label indication, a manufacturer's promotion of the drug could result in the submission of a false claim.  *See id.* ("To survive a motion to dismiss, Relators must plead facts showing that, for each of the government payors they identify, the relevant program did not cover, during the relevant period, the particular off-label uses alleged.").  To the extent that Pfizer's comments at oral argument could be read to cabin or eliminate this important and established legal principle, the United States believes clarification of its position on the matter to be appropriate.

respect to drugs prescribed for off-label indications, Medicaid ties coverage to specific conditions, including whether the off-label use is "medically accepted" based on supportive citations in certain drug compendia. *See* 42 U.S.C. § 1396r-8(k)(6). Likewise, the definition of a "covered Part D drug" in the Medicare Part D statute references the off-label coverage provisions of the Medicaid statute.  *See* 42 U.S.C. § 1395w-102(e).

Courts have held that when a healthcare provider prescribes a drug for a use that is not covered by federal programs such as Medicare or Medicaid, the provider's claim for reimbursement of that prescription is "false" under the FCA. *See United States ex rel. Franklin v. Parke-Davis*, 147 F. Supp. 2d 39, 51-53 (D. Mass. 2001) ("The alleged FCA violation arises - not from unlawful off-label marketing activity itself - but from the submission of Medicaid claims for uncovered off-label uses induced by Defendant's fraudulent conduct."); *United States ex rel. Strom v. Scios*, 676 F. Supp. 2d 884, 891(N.D. Cal. 2009) ("Because the [Medicare] statute permits reimbursement only for 'reasonable and necessary' treatments, [an off-label prescription] in a context where it is not 'reasonable' or 'necessary' would be statutorily ineligible for reimbursement. This satisfies the FCA's requirement of a 'false' statement."); *see also Peterson v. Weinberger*, 508 F.2d 45, 52 (5th Cir. 1975) (finding that submission of claims for services not covered by Medicare violated the FCA).

In this case, the United States takes no position regarding the specific factual allegations on which Relators premise their complaint, nor whether Relators can successfully establish either falsity or materiality in the present instance.  Rather, the United States writes here solely to clarify that, as a general proposition, the knowing promotion of a drug product for an unapproved use can result in the submission of a false claim, redressable under the FCA.

Dated: August 2, 2013                    Respectfully submitted,

                                      STUART F. DELERY
                                      Acting Assistant Attorney General,
                                      Civil Division

                                      CARMEN M. ORTIZ
                                      United States Attorney

                    By:     */s/Zachary A. Cunha*        
                                        ZACHARY A. CUNHA
                                      Assistant United States Attorney
                                      One Courthouse Way, Suite 9200
                                      Boston, MA 02210
                                      (617) 748-3387

                                      MICHAEL D. GRANSTON
                                      JAMIE A. YAVELBERG
                                      EDWARD C. CROOKE
                                      Civil Division, Commercial Litigation Branch
                                      P.O. Box 261
                                      Ben Franklin Station
                                      Washington, D.C. 20044
                                      (202) 353-0426

## CERTIFICATE OF SERVICE

       I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: Boston, Massachusetts
          August 2, 2013

                    By:     */s/Zachary A. Cunha*
                                      ZACHARY A. CUNHA
                                      Assistant U.S. Attorney