IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA and WISCONSIN and the DISTRICT OF COLUMBIA ex rel. ALEX BOOKER and EDMUND HEBRON,<br><br>    *Plaintiffs*,<br><br>v.<br><br>PFIZER, INC.,<br><br>    *Defendant*. | Case No. 1:10-CV-11166<br>Hon. Douglas P. Woodlock |

## PFIZER'S NOTICE OF SUPPLEMENTAL AUTHORITY

Pfizer respectfully submits as supplemental authority in support of its Motion to Dismiss Relators' Fifth Amended Complaint (Dkt. 44) the recent decision of the United States Court of Appeals for the First Circuit in *United States ex rel. Ge v. Takeda Pharmaceutical Co.*, 737 F.3d 116 (1st Cir. 2013) (attached as Exhibit A). In *Ge*, the relator's False Claims Act ("FCA") complaint alleged that the defendant drug manufacturer failed to make timely and accurate reports of adverse events to the Food and Drug Administration ("FDA") for four prescription drugs. *Id.* at 120. The First Circuit affirmed the district court's dismissal of the complaint for failure to plead fraud with particularity as required by Rule 9(b). *Id.* at 124.

The First Circuit's *Ge* opinion clarifies an issue raised by the Court during the hearing on Pfizer's Motion to Dismiss held on June 11, 2013. Dkt. 66. Specifically, the Court asked whether a complaint alleging a "program" of improper promotion must also allege details of specific promotional activity to a particular doctor at a particular time to survive Rule 9(b). Hr'g Tr. 69:9-16, Dkt. 66. In *Ge,* the First Circuit specifically rejected the relator's attempt "to satisfy the Rule 9(b) requirements with a per se rule that if sufficient allegations of misconduct are made, it necessarily follows that false claims and/or material false information were filed. We reject that approach, which violates the specificity requirements of Rule 9(b)." *Ge*, 737 F.3d at 124. Instead, a relator must allege a connection between specific misconduct and particular false claims for payment submitted as a result of the alleged misconduct. *Id.* Thus, the Court cannot draw an inference either of specific promotional activity or of resulting false claims based on a relator's allegations of a broad promotional campaign.

In rejecting the relator's attempt to advance additional theories of per se falsity as having been waived, the First Circuit pointed to (among others) a recent Fourth Circuit decision "hold[ing] that when a defendant's actions . . . *could* have led, but *need not necessarily* have led, to the submission of false claims, a relator must allege with particularity that specific false claims *actually were presented* to the government for payment." *Ge*, 737 F.3d at 125 (quoting *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 457-58 (4th Cir. 2013), *petition for cert. filed*, 82 U.S.L.W. 3178 (U.S. May 10, 2013) (No. 12-1349)). In *Nathan*, the Fourth Circuit explicitly rejected the relator's argument that an FCA complaint satisfies Rule 9(b) as long as it alleges a scheme that supports an inference that false claims were filed. 707 F.3d at 456-57. To the contrary, and as the First Circuit's citations affirm, a relator must make particularized allegations of specific false claims for payment that were caused by the scheme.

*Id.*  For instance, in *Nathan*, the Fourth Circuit noted that "[g]eneral allegations such as those made here, that unidentified Medicare patients received prescriptions for off-label uses, do not identify with particularity any claims that would trigger liability under the Act.  In the absence of the required specific allegations, a court is unable to infer that a Medicare patient who has received a prescription for an off-label use actually filled the prescription and sought reimbursement from the government." *Id.* at 460.

Finally, the First Circuit reiterated in *Ge*—where the relator alleged the defendant induced a third party to file false claims, as in *Duxbury*—that the allegations in *Duxbury*, which included details about alleged kickbacks (the basis for falsity) received by eight identified medical providers, and rough time periods, locations and amounts of submitted claims, were "barely adequate" and "just enough" to plead fraud with particularity.  *Ge*, 737 F.3d at 124 (citing *United States ex rel. Duxbury v. Ortho Biotech Prods., L.P.*, 579 F.3d 13, 29-30 (1st Cir. 2009)).

In short, the First Circuit has now clarified that Relators must allege, with particularity, the specific promotional misconduct and its causal connection to the submission of specific false claims to satisfy the requirements of Rule 9(b).  As fully explained in Pfizer's Memorandum of Law in Support of its Motion to Dismiss Relators' Fifth Amended Complaint (Dkt. 45), Relators fail to meet that standard here.

Dated: February 6, 2014               Respectfully submitted,

                                              /s/ Kirsten V. Mayer
Brien T. O'Connor (BBO No. 546767)
Kirsten V. Mayer (BBO No. 641567)
Emily J. Derr (BBO No. 673174)
ROPES & GRAY LLP
800 Boylston Street
Boston, Massachusetts 02199
(617) 951-7000 (Tel.)
(617) 951-7050 (Fax)

## **CERTIFICATE OF SERVICE**

      I, Emily J. Derr, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on February 6, 2014.

      /s/ Emily J. Derr
      Emily J. Derr